IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANA ARMENGOL,

Plaintiff,

vs.

CASE NO. 6:07-CV-1216

HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT, a foreign corporation, CHRISTINE M. UMTHUN, in her individual capacity and in her corporate capacity, MARK FOSTER, in his individual capacity and in his corporate capacity, and SALLY BUFFKIN, in her individual capacity and in her corporate capacity,

Defendants.

**DEFENDANTS' MOTION TO DISMISS COUNT VII OF THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Home Depot, U.S.A., Inc. ("Home Depot"), Christine Umthun, Mark Foster, and Sally Buffkin (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully request that this Court enter an Order dismissing Count VII of Plaintiff Ana Armengol's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendants state as follows:

## I. INTRODUCTION

Plaintiff filed her initial Complaint in state court on April 26, 2007, amended it on June 22, 2007, prior to service, and Defendants removed on July 27, 2007. In her Amended Complaint, Plaintiff sues Home Depot as well as three individual defendants, Christine Umthun, Mark Foster, and Sally Buffkin, who are all either current or former managers for Home Depot.

Plaintiff's Amended Complaint asserts claims against Home Depot for national origin discrimination and retaliation in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, *Fla. Stat.* (Counts I-IV), as well as for retaliatory discharge in violation of the Florida Whistleblower Act, § 448.101, *et. seq.*, *Fla. Stat.* (Count V). In addition, Plaintiff asserts a claim against all Defendants for violation of 42 U.S.C. § 1981 (Count VI), and against the individual Defendants for violation of § 448.045, *Fla. Stat.* (Count VII). It is this last statute, titled "Wrongful Combination Against Workers," that is the subject of the instant motion. Count VII should be dismissed for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss an action, or a portion of an action, for failure to state a claim upon which relief can be granted. Of course, in considering a motion to dismiss, the Court is limited to consideration of only the "four corners of the complaint." *Rickman v. Precision Aire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). "When, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support a cause of action, dismissal ... is appropriate." *Accurate Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1312 (M.D. Fla. 2000) (citing *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991)). In this instance, there is no construction of the factual allegations of the Complaint that, as a matter of law, will support Plaintiff's claims for violation of § 448.045.

## III. PLAINTIFF'S § 448.045 CLAIM SHOULD BE DISMISSED BECAUSE IT IS A CRIMINAL STATUTE AND ONLY PROVIDES FOR CRIMINAL REMEDIES

Section 448.045 states, in relevant part, that "[i]f two or more persons shall agree, conspire, combine or confederate together . . . to cause the discharge of any person from work in such firm or corporation . . . such persons so combining shall be deemed guilty of a misdemeanor of the first degree, punishable as provide in s. 775.082 or s. 775.083." The criminal remedy is the only remedy provided for by the statute. As noted by a sister court that examined this same statute in the civil context, "[w]hen a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists." *Morrison v. Morgan Stanley Properties*, 2007 U.S. Dist. LEXIS 58038, *29 (S.D. Fla. Aug. 9, 2007) (citing *Temple v. Aujla*, 681 So. 2d 1198, 1199 (Fla. 5th DCA 1996).). The *Morrison* court dismissed the plaintiff's claim under § 448.045 with prejudice, stating that it could "see no facts that Plaintiff can allege in an amended complaint that can state a civil claim under this statute." *Id.* at *30.

In *Temple*, the plaintiff sued for retaliatory discharge under a similar criminal statute, § 448.03, *Fla. Stat.*, which made it a misdemeanor to discharge or threaten to discharge an employee for dealing with a particular merchant or class of persons. 681 So. 2d 1198. The trial court granted defendant's motion for summary judgment, and, on appeal, the order was affirmed. In so holding, the appellate court observed, "where the legislature has spoken by delineating a specific remedy, it is not the judicial branch's role to overstep the legislature's authority and create an additional remedy." *Id.* at 1199.

Courts have reached a similar result in non-employment related contexts as well. In *Fischer v. Metcalf*, 543 So. 2d 785 (Fla. 3d DCA 1989), the plaintiff, a minor, attempted to sue her father's psychiatrist under § 827.07, which makes it a second degree misdemeanor for an individual to fail to report suspected instances of child abuse. In affirming the trial court's

dismissal of the plaintiff's claim, the court held, "[t]he legislature established that violation of the mandatory reporting provision would constitute a second degree misdemeanor. To find a legislative intent to provide a private right of action against non-reporters, we would have to ignore the well-established rule that a court may not disregard the plain purpose and language of the statutes to bring about what some of its members may conceive to be a more proper result." *Id.* at 790-91; *see also Ochab v. Morrison, Inc.*, 517 So. 2d 763 (Fla. 2d DCA 1987) (affirming dismissal of complaint when the plaintiff attempted to proceed under § 562.50, *Fla. Stat.*, a criminal statute, because there was no civil remedy.)

It is clear from the face of the statute that the Legislature intended to provide only a criminal remedy for violation of § 448.045. Florida courts have refused to provide civil remedies under comparable criminal statutes, and a sister federal court has applied this general rule to § 448.045 in a very recent civil case. Thus, Count VII of Plaintiff's Amended Complaint must be dismissed with prejudice.

## IV. <u>SECTION 448.045 DOES NOT CREATE A CAUSE OF ACTION FOR NEGLIGENCE *PER SE*</u>

Because the statute does not provide for civil remedies, Plaintiff attempts to claim that it creates a cause of action in negligence *per se*. In her Amended Complaint, Plaintiff alleges that "a cause of action is created in negligence *per se* when a penal statute is designed to protect a class of persons against a particular type of harm." (Amended Complaint, ¶150.) While Plaintiff's Amended Complaint may accurately state the law, § 448.045 is not the type of penal statute that Plaintiff claims it to be.

In *deJesus v. Seaboard Coast Line Railroad Co.,* the Florida Supreme Court recognized three types of statutory violations, two of which constitute negligence *per se* and one which constitutes merely evidence of negligence. 281 So. 2d 198, 201 (Fla. 1973). Negligence *per se*

is created under either (1) strict liability statutes designed to protect a class of persons that cannot protect themselves, or (2) statutes that establish "a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *Id.* The third category includes all other statutes and is merely evidence of negligence, not negligence *per se*. *Id.*

In this case, § 448.045 falls into the third category. It is not a statute designed to protect a particular group of individuals that need protection (*e.g., Trainer v. Estate of Hansen*, 740 So. 2d 1201 (Fla. 2d DCA 1999) (penal statute making it a misdemeanor to hold an open party knowing that a minor was in possession of, or consuming, alcohol or drugs created corresponding civil cause of action in negligence *per se* for death of plaintiff's decedent)), nor does it protect a particular class of persons from a specific injury (*e.g., deJesus*, 281 So. 2d at 201 (railroad had a duty to protect automobile drivers and their passengers from colliding with unlighted trains blocking highways at night at unlighted crossings)). Instead, § 448.045 falls squarely within "all other statutes," as it is clearly designed to provide general protection to the public, not specific protection to a select group of individuals. *See St. Cyr v. Flying J, Inc.*, 2006 U.S. Dist. LEXIS 52239 (M.D. Fla. July 31, 2006) (because Fla. Stat. ch. 527 and Fla. Admin. Code Ann. ch. 11 did not allow for a private right of action against those who violated a provision therein, a violation of either fell into a classification of statutory violations that were only evidence of negligence, rather than negligence *per se*; thus, the complaint failed to state a claim for negligence *per se*); *Chevron U.S.A. Inc. v. Forbes*, 783 So. 2d 1215, 1219 (Fla. 4th DCA 2001) (finding violation of § 526.141, *Fla. Stat.*, regulating gas station attendants, was only evidence of negligence because the statute is designed to protect the general public as opposed to a particular class of persons); *Lindsey v. Bill Arfin Bonding Agency*, 645 So. 2d 565 (Fla. 1st DCA 1994) (violation of a building code requiring handrails for stairwells was only evidence of negligence,

not negligence *per se; Grand Union v. Rocker*, 454 So. 2d 14, 15 (Fla. 3d DCA 1984) (holding that ramps built in violation of building codes did not constitute negligence *per se* because codes were designed to protect general public, not a particular class of people); *Schulte v. Gold*, 360 So. 2d 428 (Fla. 3d DCA 1978) (violation of a statute requiring proper lighting on steps was not negligence *per se* because the statute was designed to protect the public generally, not a certain class of individuals).

Further, § 448.045 very clearly addresses intentional conduct – namely, a conspiracy among parties to lead to the discharge of an individual from her job. Even in the only reported case to even marginally address this issue under § 448.045, *Insurance Co. of North America v. Poseidon Maritime Services, Inc.*, 561 So. 2d 1360 (Fla. 3d DCA 1990), the court questioned whether a negligence claim could be stated under the statute. In *Insurance Co. of North America*, the court was tackling whether contribution was appropriate following settlement by an insurance company of an underlying lawsuit. That underlying lawsuit, which was not before the court, alleged negligence *per se* under § 448.045, *Fla. Stat.* While not specifically addressing the issue, the court did take the time to note, "[f]or present purposes we assume *arguendo* that a right of action exists under that statute [§ 448.045]. If a private right of action is available under the statute, then it would more properly be classified as an intentional tort rather than, as the plaintiff did here, negligence." *Id.* at 1361, n. 2. The court ultimately held that contribution was not available because the conduct alleged was intentional in nature, which precluded contribution as a matter of law. *Id.* at 1361.

As a more fundamental matter, neither Plaintiff nor § 448.045 state a legally cognizable standard of care that is a prerequisite for a negligence claim. For a plaintiff to succeed on a negligence claim, she must "show that the defendant owed a duty of care to the plaintiff, that the

defendant breached the duty, that the breach caused the plaintiff's injury, and that damages are owed." *Miles v. Naval Aviation Museum Foundation, Inc.*, 289 F.3d 715, 722 (11th Cir. 2002) (internal citations omitted). Therefore, "the first step in a negligence analysis is to identify the standard of care with regards to a duty and then determine to whom that duty is owed." *Securities Investor Protection Corp. v. Capital City Bank (In re Meridian Asset Mgmt., Inc.)*, 296 B.R. 243, 259 (N.D. Fla. 2003) (granting motion to dismiss for failure to state a claim in negligence because no duty owed by bank). Both Plaintiff's Amended Complaint and § 448.045 are devoid of facts that would meet this basic pleading standard.

Where, as here, a criminal statute is implemented to protect the general public, and where, as here, that statute addresses intentional conduct and does not create a standard of care to which a defendant can conform to avoid a claim for negligence, a claim for negligence *per se* simply is not available. Therefore, Count VII of Plaintiff's Amended Complaint must be dismissed with prejudice.

## V. A CORPORATION CANNOT CONSPIRE WITH ITS EMPLOYEES, OFFICERS, OR AGENTS

Even if a civil remedy were available (which it is not), Count VII of Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted because the intra-corporate conspiracy doctrine prohibits Plaintiff's claim. *See Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1299 (S.D. Fla. 2000) (granting summary judgment on Sherman Act claim because an agent cannot, as a matter of law, conspire with its principal) (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952).). As stated by the Eleventh Circuit:

> [A]cts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees,

> when acting in the scope of their employment, cannot conspire among themselves. The doctrine is based on the nature of a conspiracy and the legal conception of a corporation. It is by now axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan. However, under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor. Therefore, just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself.

*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)(internal citations and quotations omitted); *see also Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001)(same).

Plaintiff alleges that Defendants Umthun, Foster, and Buffkin, all of whom were managers for Home Depot at the time, conspired to cause Plaintiff's termination from Home Depot. There is not a set of facts that could fall more squarely within the intra-corporate conspiracy doctrine. Count VII of Plaintiff's Amended Complaint must be dismissed with prejudice.

WHEREFORE, Defendants respectfully request that Count VII of the Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

FORD & HARRISON LLP

By: /s/Tammie L. Rattray
Dinita L. James
Florida Bar No. 858315
djames@fordharrison.com
Tammie L. Rattray
Florida Bar No. 128619
trattray@fordharrison.com
Desirée S. A. Demonbreun
Florida Bar No. 0645303
ddemonbreun@fordharrison.com

For the Firm

101 E. Kennedy Boulevard
Suite 900
Tampa, Florida 33602
Telephone (813) 261-7800
Facsimile (813) 261-7899

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by using the CM/ECF system that will send a notice of electronic filing to the following

Bernard H. Dempsey, Jr.
Nancy A. Johnson
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, FL 32789

on this **27th** day of **August, 2007**.

/s/ Tammie L. Rattray
Attorney

TAMPA:233122.1